UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PORTA STOR, INC., a Florida
corporation, and

LARRY S. HYMAN, Chapter 7
Trustee, for the bankruptcy Estate of      CASE NO.  8:07-cv-1291-SDM-TBM
Christopher E. Neuguth,

    Plaintiffs,

v.

PODS, INC., a Florida corporation,

    Defendant.
_____/

## PODS' MOTION AND MEMORANDUM OF LAW
## FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS[1]

Plaintiffs have filed an amended "complaint for damages" against PODS.  (Dkt. 5).  As set forth in PODS' pending motion to dismiss the complaint in its entirety (Dkt. 10), the complaint has no basis in law or fact.  (Declaration of Richard H. An ("An Decl."), filed concurrently herewith, Ex. 2).  The complaint stems from a prior action that PODS brought against plaintiffs, *PODS, Inc. v. Porta Stor, Inc. and Christopher E. Neuguth*, Case No. 8:04-cv-2101-MAP (referred to herein as the "Prior Action"), in which plaintiff Porta Stor, Inc. ("Porta Stor") was found liable for (a) willful patent infringement, (b) copyright infringement, (c) willful unfair competition under both Federal and Florida State laws, and (d) willful violations of the

---

[1] Pursuant to Federal Rule of Civil Procedure 11(c)(1)(A), this motion and memorandum of law was served on plaintiffs more than 21 days ago, on September 4, 2007, along with a letter requesting that plaintiffs withdraw their complaint.  (Declaration of Richard H. An, filed concurrently herewith, Ex. 1).  Plaintiffs refused to withdraw their complaint.

- 1 -

Florida Deceptive and Unfair Trade Practices Act.[2] On appeal, the Court of Appeals for the Federal Circuit ("Federal Circuit") affirmed the judgments of willful unfair competition and willful violations of the Florida Deceptive and Unfair Trade Practices Act, but reversed the district court's judgment of patent infringement and remanded the copyright infringement claim for further proceedings.

The sole basis of the present complaint is that, because the final judgment as to patent infringement was reversed, PODS' litigation position was therefore pursued in bad faith, now entitling plaintiffs to attorneys' fees and punitive and compensatory damages. In particular, the heart of plaintiffs' allegations is that PODS misrepresented the contents of the file history of PODS' patent to the district court, when it argued that the file history does not provide a basis for precluding PODS' patent infringement claim. But the entire file history of PODS' patent was made of record in the district court and there is no dispute that the parties as well as the district court had full access to that file history. PODS' argument regarding the file history was simply PODS' *reasonable* interpretation of what the file history teaches.

Indeed, as set forth in PODS' pending motion to dismiss plaintiffs' complaint, the district court expressly adopted PODS' interpretation of the file history in (a) denying plaintiffs' motion to reconsider the preliminary injunction, and (b) finding patent infringement as a matter of law at trial. On appeal, the Federal Circuit simply reached a different interpretation than the district court and PODS as to what the file history teaches. The bottom line, however, is that the entire file history of PODS' patent was of record and the parties as well as the district court indisputably had full access to that file history. Certainly, given the district court's rulings, PODS' interpretation of the file history was far from baseless.

---

[2] Christopher E. Neuguth, Porta Stor's founder, was also found liable for copyright infringement.

- 2 -

Not surprisingly, plaintiffs' complaint fails to even identify a cause of action for its prayer for attorneys fees and punitive damages. As for plaintiffs' alleged compensatory damages, they are sought under a legal theory that is plainly unavailable under the facts of this case. More egregiously, the complaint contains multiple factual allegations of misrepresentation, intentional "falsity" and improper conduct by PODS, its witnesses and its attorneys in the Prior Action, although plaintiffs' counsel (who also represented plaintiffs in the Prior Action) is fully aware that there was not a single finding of any misconduct on the part of PODS or its attorneys by the district court or the Federal Circuit. Plaintiffs' counsel also fills the complaint with allegations of violations of the Rules Regulating the Florida Bar by PODS' attorneys, but omits the fact that plaintiffs' counsel raised those *very same allegations* against Anne S. Mason, PODS' former attorney, in a formal grievance to the Florida Bar, which investigated the matter and found -- over one year ago -- that there was "no evidence to support [plaintiffs' counsel's] conclusions."

The present complaint is a work of revisionist history that has no basis in fact and, even under plaintiffs' rewriting of the facts, presents no cognizable cause of action. The complaint has been interposed solely for the negative publicity opportunities it can provide, as evidenced by plaintiffs' immediate engagement of the media regarding matter. The present complaint violates Fed. R. Civ. P. 11(b)(1), (2) and (3), and plaintiffs and their counsel should be sanctioned accordingly.

## I. Factual Background

The crux of plaintiffs' complaint is that PODS wrongfully obtained an injunction against Porta Stor based on PODS' patent. PODS filed the Prior Action alleging patent infringement in

2004.[3]  PODS successfully enjoined plaintiffs on the patent claim, both preliminarily and permanently after a full trial on the merits.  On appeal in 2007, however, the Federal Circuit reversed the final judgment of patent infringement, finding that an estoppel defense (albeit not raised by plaintiffs on appeal) barred the patent claim.  The defense upon which the Federal Circuit based its decision was raised by the plaintiffs to the district court, which considered and rejected it.  In reversing the district court, the Federal Circuit simply reached a different interpretation of the facts than the district court.  There was no finding at any point in the Prior Action that PODS or its attorneys had made misrepresentations or improperly pursued the patent claim in any manner.

During the course of the Prior Action, plaintiffs' counsel filed a grievance with the Florida Bar in 2005 alleging that PODS' former attorney, Anne S. Mason, had made misrepresentations to the court in connection with obtaining the preliminary injunction against plaintiffs.  The allegations in that grievance are virtually identical to those stated in the present complaint.  (An Decl., Ex. 3).  The Florida Bar initiated a grievance procedure and investigated plaintiffs' counsel's allegations.  On February 21, 2006, the Bar found that there was ***no probable cause*** for the allegations.  Thereafter, in March 2006, the Bar thereafter sent a Letter Report of No Probable Cause to plaintiffs' counsel, which specifically stated that the Grievance Committee "found no evidence to support your conclusions" and dismissed plaintiffs' grievance.  (An Decl., Ex. 4).

Plaintiffs filed the present complaint on July 24, 2007.  Immediately, news articles appeared regarding the lawsuit, referring to plaintiffs seeking a "PODS payback" and other

---

[3]  The complaint was subsequently amended to add additional claims.

negative statements. (An Decl., Ex. 5). Indeed, PODS learned of the complaint the day after it was filed when PODS' general counsel was contacted by a local newspaper for comment.

## II.     Argument

### A.     Legal Standard

The central purpose of Rule 11 is to deter baseless filings in district court. *See* Advisory Committee Note on Rule 11. Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose. *Cooter & Gell v. Hartmarx Corporation,* 496 U.S. 384, 393 (1990). Whether an attorney has complied with the requirements of Rule 11 is determined not by the apparent absence or presence of subjective good faith on the part of the attorney, but rather by the objective reasonableness of his action. Sanctions will be imposed where the court finds that, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. *See Pierce v. Commercial Warehouse*, 142 FRD 687, 693 (M.D. Fla. 1992). *See also Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

### B.     Plaintiffs Fail Even to Identify a Cause of Action Underlying the Claim for Attorneys Fees and Punitive Damages

As set forth in PODS' pending motion to dismiss the complaint, plaintiffs seek to recover millions of dollars from PODS without articulating any discernable cause of action under which such recovery is warranted. Specifically, Count 1, entitled "Bad Faith in Obtaining Temporary and Preliminary Injunction," seeks plaintiffs' attorneys fees and punitive damages as a result of the Prior Action, but does not identify the legal basis for the claim. References to statutes, rules and legal terms are interspersed in the eleven-page count, but none can serve as the basis for the

- 5 -

relief sought by plaintiffs. These references include the "implied covenant of good faith and fair dealing," which under Florida law applies only in the context of a contract claim; the Rules Regulating the Florida Bar, which do not provide a substantive cause of action against litigants; and the Florida punitive damages statute, Fla. Stat. 768.72, which is not an independent cause of action, but a procedural and evidentiary statute for punitive damages claims arising from other causes of action. (*See generally* PODS' Motion to Dismiss at p. 7). A reasonable inquiry into the law would have revealed that an implied contract covenant, state bar rules and a remedy procedure are not viable legal contentions in this action.

The only other potential claim that PODS can glean from Count 1 of the complaint, because plaintiffs allege that the action arises under the federal patent statute, is that plaintiffs believe that the Prior Action is "exceptional" under the patent statute, which could entitle plaintiffs to attorneys fees under 35 U.S.C. § 285. Such a claim also is not a viable, stand-alone cause of action that could be asserted against PODS in this new action. Section 285 should have been raised in the Prior Action and, even if it could be raised now, it would require plaintiffs to demonstrate, among other things, that the patent claim in the Prior Action was objectively baseless. As a matter of law, however, a legal claim that is successful both on a motion for preliminary injunction and after a trial on the merits, as was PODS' patent claim, cannot be objectively baseless. (*See generally* PODS' Motion to Dismiss at pp. 9-11). A reasonable inquiry into the law would have revealed that 35 U.S.C. § 285 could not be asserted against PODS in this action.

    **C.**    **The Legal Theory of Plaintiffs' Claim for Compensatory Damages Is Preempted Under the Facts of this Case**

Count 2 of the complaint more clearly identifies that it is based on the legal theory of unjust enrichment. However, a reasonable inquiry into the law would have revealed that, when

relief is sought under state law relating to a patentee's efforts to enforce the rights granted to it under the federal patent statute, the state law claim is preempted unless it is alleged and proved that the subject patent claim is objectively baseless. As with 35 U.S.C. § 285, plaintiffs do not even allege that the patent claim in the Prior Action was objectively baseless and, as a matter of law, cannot prove that it was. (*See generally* PODS' Motion to Dismiss at pp. 8-11). The claim for unjust enrichment is not warranted under law, a conclusion that plaintiffs' counsel would have reached upon reasonable inquiry.

### D. The Complaint Was Intended to Serve an Improper Purpose

Based on the complete absence of legal or factual support for the complaint, it is clear that plaintiffs and their counsel should have known that plaintiffs could not reasonably expect to be awarded any monetary recovery under the complaint. Yet they filed the complaint and utilized the media immediately. PODS learned of the complaint from the media. These actions demonstrate that the complaint was presented merely to provide media fodder against PODS, not to present any legitimate claim to be litigated. *See, e.g., Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 807 (5th Cir. 2003) (filing paper that facilitated use of media to harass or embarrass other party was for an improper purpose).

Moreover, the content of the complaint appears calculated to harass and embarrass both PODS and its attorneys. It contains pages of alleged misconduct by PODS in the Prior Action, when plaintiffs know that no such misconduct was found by the court in the Prior Action. As for the lengthy diatribe against PODS' attorneys, the exact allegations of misrepresentation and misleading statements that are asserted in the complaint were already asserted by plaintiffs' counsel in a formal grievance to the Florida Bar against PODS' former attorney, Anne S. Mason. The Florida Bar investigated the matter and found the allegations to be without evidentiary

support. The Bar reached its conclusion and dismissed the grievance ***over one year ago***, yet plaintiffs now revive the same allegations in the guise of a haphazard claim for "bad faith" against PODS. The time for considering the parties' conduct in the Prior Action has come and gone; neither the court nor the Bar found any misconduct or bad faith by PODS or its attorneys, and the complaint alleges no new or additional conduct that would change the circumstances. PODS cannot discern a legitimate reason to rehash these unfounded allegations, as if they had never been raised or considered, and therefore submits that they are made solely to harass PODS and its attorneys and create disfavor for PODS in the public eye.

Indeed, in response to the Federal Circuit's reversal of the district court's finding of patent infringement, the district court held a status conference to ask the parties whether, after the district court complied with the Federal Circuit's decision, there was any reason not to close the case. Notwithstanding the obvious opportunity to raise its contentions of bad faith and resulting claims for attorneys fees and damages, ***plaintiffs did not do so***. Instead, four days after the court formally closed the case, plaintiffs filed the present complaint against PODS, raising allegations that it could have and should have made earlier. In view of the baseless nature of the complaint and the publicity that plaintiffs have sought, it is clear that plaintiffs intentionally chose to wait and file a new and separate case that would give them the opportunity to make a media splash.

Where a pleading is so lacking in factual and legal support and where there are such obvious manipulations of the legal process and media to influence public opinion, PODS respectfully submits that such pleading can only have been presented for an improper purpose.

### III. Conclusion

The complaint violates Fed. R. Civ. P. 11, because a reasonable inquiry would have revealed that the legal citations in the complaint are not causes of action for which a suit can be

filed and that the one recognizable cause of action is not applicable in this case.  The complaint also violates Fed. R. Civ. P. 11 because it was presented, not as a legitimate vehicle to redress legal claims, but as a means to damage public opinion of PODS.  Plaintiffs and their counsel should be sanctioned for filing the complaint.  PODS respectfully submits that the sanction should at least encompass remuneration of the attorneys fees that PODS has expended in moving to dismiss the complaint and in filing this motion, as well as such other sanction that the Court deems necessary to deter repetition of the conduct exhibited by plaintiffs and their counsel in this case.

Respectfully submitted,

Dated:  September 28, 2007

*/s/ Richard H. An*
Joseph Diamante
Richard H. An
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, N.Y. 10022
(212) 891-1600

Attorneys for Defendant PODS, INC.

## Certificate of Service

I HEREBY CERTIFY that on the 28th day of September 28, 2007, I electronically filed the foregoing **PODS' MOTION AND MEMORANDUM OF LAW FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the plaintiffs' attorney Edward P. Dutkiewicz.

>   */s/ Richard H. An*
>   Attorney